UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Ritheen Hatton**,

   Plaintiff,          **Case No. C2: 02-CV-1201**
 v.               **JUDGE GREGORY L. FROST**
                 **Magistrate Judge Kemp**

**Stacy Coffey**,

   Defendant.

## OPINION & ORDER

  Plaintiff Ritheen Hatton ("Hatton") properly noticed Defendant Stacy Coffey's ("Coffey") deposition for February 10, 2006 and Coffey failed to appear. (Doc. # 30 Exs. A & B). Consequently, Hatton moved the Court pursuant to Fed. R. Civ. P. 37 to compel Coffey to attend a deposition at a date and time scheduled by the Court. In addition, Hatton requested fees and costs associated with Coffey's failure to appear at the deposition as well as with filing the motion to compel. (Doc. # 30 at 5). The Court granted the motion to compel and ordered Hatton to file an itemized listing of her expenses with supporting documentation.[1] (Doc. # 31). The Court further ordered Coffey to file a response stating why she had not appeared at the deposition. (Doc. # 31).

  Both sides filed their responses in accordance with the Court's order. Coffey stated that she did not attend the deposition because she was only given two weeks notice of the deposition, which was not sufficient time for her to arrange to take time off of work and to make necessary

---

[1] The Court granted the portion of Hatton's motion regarding compelling Coffey to attend her deposition but denied the portion that asked for an extension of the discovery deadline. (Doc. # 31).

travel plans from Florida, where she resides. (Doc. # 35). Coffey indicated that she tried to contact Hatton's attorney but that each telephone call only yielded an answering machine. Coffey did not state that she left any messages indicating that she would be unable to attend. *Id.*

Hatton filed an itemized listing of expenses incurred as a result of Coffey's failure to appear at the deposition. (Doc. # 33). Hatton attached two affidavits to support her filing. *Id.* Those affidavits establish that her attorney's hourly rates are reasonable. She seeks a total of $734.20, and that sum is broken down as follows:

| | | |
|---|---|---|
| 1. | Court reporter appearance | $ 45.00 |
| 2. | Transcription of record to establish that Coffey did not appear | $ 39.20 |
| 3. | Attorney fee for waiting for Coffey to appear (1 hour at $260.00 an hour) | $ 260.00 |
| 4. | Attorney fee for researching and preparing motion to compel | $ 390.00 |
| | **Total** | $734.20 |

As the Court stated in its February 13, 2006 Order, Fed. R. Civ. P. 37 empowers a Court to make such orders as are just when a party fails to attend a deposition after being served with proper notice. In addition, the Rule mandates that the Court shall "require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

The Court determines that Coffey's failure to appear was not substantially justified and

that no circumstances exist that would make an award of expenses unjust. Hatton properly served Coffey. Coffey did not inform Hatton or the Court that she would not appear at her deposition. While the Court is sensitive to the difficulties inherent in interstate travel, those difficulties are insufficient to justify a failure to appear at a properly noticed deposition.

Accordingly, the Court **ORDERS** Coffey to pay Hatton's attorney the sum of $150.00 under Rule 37. Coffey is not responsible for the court reporter appearance fee and is not responsible for the fee of Hatton's attorney to attend the deposition because her attorney conducted the deposition of Cheryl Conway the same day that Coffey was to be deposed. (Doc. # 30 at 2). In addition, the Court will not levy the transcription fees against Coffey because that was not necessary to establish that Coffey did not appear for her deposition. Instead, the Court finds that $150.00 is a reasonable sum for Hatton's attorney fees for the time spent waiting for Coffey to appear at the deposition and the time it took her attorney to compile the motion for fees and itemized listing of expenses.

Hatton's motion is **GRANTED**. (Doc. # 33). Coffey is **ORDERED** to pay Hatton's attorney the sum of $150.00 in the form of a cashier's check within twenty-one (21) days of this Order. Coffey is further **ORDERED** to contact Hatton's attorney via telephone at (614)-463-9518 within ten (10) days of this Order to determine to whom the check should be made payable. If this number is incorrect, it is the responsibility of Hatton's attorney to contact Coffey within five (5) days of this Order to inform her of the proper contact information.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**